IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAVIER SOTELO CANTU,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EAGLE CLIFF MANOR; SHAWNA BOATMAN, ADMINISTRATOR; and SYNERTX,<br><br>　　　　Defendants. | Cause No. CR 20-90-BLG-SPW-TJC<br><br><br>ORDER |

　　　　This case comes before the Court on Plaintiff Cantu's complaint alleging racial discrimination, conversion, and abuse. His allegations are contained in a letter (Doc. 2-1) attached to his complaint (Doc. 2). He filed a supplement on July 10, 2020 (Doc. 4).

### I. Motion to Proceed In Forma Pauperis

　　　　Cantu moves to proceed in forma pauperis. He demonstrates that he is not able to pay the filing fee. The motion will be granted.

### II. Deficiencies in Complaint

　　　　Because Cantu is proceeding in forma pauperis, the Court must review his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

1

Cantu is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but "need not provide great detail or . . . act as legal advisors" to the plaintiff, *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).[1]

### A. Claim of Racial Discrimination

Cantu alleges that he intends his letter "as a complaint against Eagle Cliff Manor" and he was "racially discriminated against." Letter (Doc. 2-1) at 1. Cantu says he "was told Mexican people were not welcome at this facility and the state sent a letter stating I had to leave." *Id.* He asserts that a supervisor, named Laurie, told one of the employees, named Warren, that Cantu had to leave. *See id.* Cantu also says he has never seen the letter and, when he called the State, he "was notified the state did not know I was there." *Id.*

If the Court understands him correctly, someone told Cantu he could not

---

[1] This decision is flagged in one electronic database as "superseded by statute." But the case cited, *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc), actually reversed the panel's and district court's decision holding that the Prison Litigation Reform Act overruled cases, like *Noll*, which required a district court to provide a pro se litigant with an opportunity to amend. *See Lopez*, 203 F.3d at 1125–26, 1129–30. *Noll* remains good law.

2

stay, presumably at Eagle Cliff Manor, because of his race.  As the State later told Cantu it did not know he was living at that facility, presumably the State did not send the supposed letter.  Cantu appears to suggest the letter functioned as a pretext to explain why he must leave, when in reality Eagle Cliff Manor decided he could not stay because he was or was believed to be Mexican.  Cantu's supplement does not allege that anyone told him "Mexican people were not welcome."  It does allege that he has never seen the letter and that "[t]hey keep saying they cannot find the letter."  *See* Supp. (Doc. 4) at 1–2.

      The law requires Cantu to allege facts that are not just consistent with an allegation of racial animus but make racial discrimination a plausible explanation for defendants' conduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  The statement that Mexicans are not welcome is certainly offensive, and it might be evidence of unlawful discrimination.  But the statement is not illegal.  Especially because Cantu does not identify who said it (and does not repeat it in his supplement), it does not support an inference that Eagle Cliff Manor discriminated against Cantu because of his race.

      Cantu must provide more information.  He must explain how or why the State of Montana was or should have been involved in his situation at Eagle Cliff Manor.  He must also say as much as he can about when this incident occurred, who told him that Mexicans were not welcome, why he believes Eagle Cliff Manor

3

is responsible for that statement and, in general, what makes him believe he was asked to leave because of his race and not because of some other, lawful reason, such as inability to pay for services at Eagle Cliff Manor.

### B. Claim of Conversion

Cantu alleges that a C.N.A. (presumably meaning a certified nurse's assistant) named Molina stole money from him and the facility did not attempt to address the matter. *See* Letter (Doc. 2-1) at 1; Supp. (Doc. 4) at 1. Cantu must explain when this theft occurred, how he knows it occurred, why he believes Molina was responsible, to whom he complained, and when.

### C. Claim of Abuse

Finally, Cantu alleges he was "abused because of my handicap. I have suffered a stroke on the right side of my body and they still made me leave." Letter (Doc. 2-1) at 1. As explained above, lawful reasons might prompt a facility to ask someone to leave. For example, a person might not be able to afford to stay, or a person might have recovered health and function so that he no longer needs the assistance offered at the facility. Cantu must explain why he believes he was made to leave because he suffered a stroke and not for some other reason.

### D. Defendants

Cantu names three defendants: Eagle Cliff Manor, Shawna Boatman, and Synertx. As to each of the three claims identified above, he must explain what

each defendant did to cause or contribute to causing a violation of his rights.

### III.  Opportunity to Amend

Cantu will have an opportunity to address the points raised above.  He must respond to these points to the best of his ability.  Legal briefing is not required.  The Court is asking for facts that Cantu must already know, or he could not file a complaint in good faith.  If, after reviewing Cantu's response to this Order, the Court finds he still fails to state a claim, it will recommend his case be dismissed.

Based on the foregoing, the Court enters the following:

### ORDER

1.  Cantu's motion to proceed in forma pauperis (Doc. 1) is **GRANTED.** The clerk shall waive the filing fee.

2.  Cantu must respond to this Order on or before **October 30, 2020.**

DATED this 2nd day of October, 2020.

                                              */s/ Timothy J. Cavan*
                                              Timothy J. Cavan
                                              United States Magistrate Judge